UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10977-GAO

ANTHONY BROWN,
Plaintiff,

v.

OFFICER LUCAS, RANDOLPH POLCE DEPARTMENT and
OFFICER STAFFIER, RANDOLPH POLICE DEPARTMENT
Defendants.

OPINION AND ORDER
March 31, 2017

O'TOOLE, D.J.

The plaintiff, Anthony Brown, acting *pro se*, asserts several claims against Officer Lucas and Officer Staffier of the Randolph Police Department. The complaint alleges that the defendants violated the plaintiff's civil rights when they allowed a police dog to attack him during his arrest by them. Now pending before the Court is the defendants' joint Rule 12(b)(6) motion to dismiss (dkt. no. 5), which the plaintiff opposes.

This action arises out of the plaintiff's arrest on April 23, 2013 by the defendants.[1] The complaint alleges that the plaintiff "acquiesce[d] to the officer's demands and submitt[ed] to the arrest." (Compl. 6.) However, despite his compliance, defendant Officer Staffier forcibly placed the plaintiff into custody, and, at or around this time, defendant Officer Lucas released the police dog from its leash and gave the command for it to attack.[2] The dog bit the plaintiff on the leg, and

---

[1] The complaint states that the plaintiff was arrested "while engaged in a transaction involving a small amount of marijuana." (Notice of Removal, Ex. A at 3 (dkt. no. 1-1) [hereinafter "Complaint" or "Compl."].)
[2] The exact sequence of events leading up to the defendants placing the plaintiff in custody is not entirely clear from the complaint.

he was taken to Brigham and Women's Hospital where he received stitches to close the wounds. After his arrest, the plaintiff was charged with multiple offenses, including resisting arrest and assault on a police dog. In the resulting state court trial, the plaintiff was found not guilty on those charges, thus satisfying the rule of Heck v. Humphrey, 512 U.S. 477 (1994).

"The Federal Rules of Civil Procedure require that a complaint include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox Cty., 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the "claim must 'at least set forth minimal facts as to who did what to whom, when, where, and why.'" Id. (quoting Educadores, 367 F.3d at 68). In addition, where the plaintiff is proceeding *pro se*, an even more liberal pleading standard is applied. Haines v. Kerner, 404 U.S. 519, 520 (1972).

As an initial matter, I construe the allegations in the complaint to set forth a 42 U.S.C. § 1983 claim based on the defendants' alleged use of excessive force in violation of the Fourth Amendment.[3] A plain reading of the allegations in the complaint demonstrates that the plaintiff intended to bring an excessive force claim against Officers Lucas and Staffier for releasing the police dog and commanding it to attack him during the arrest.[4] These allegations meet the pleading standard because they set forth enough information to give the defendants fair notice that they

---

[3] In order to sustain a claim under § 1983, the plaintiff must allege that a person acting "under color of state law" has "deprived [him] of rights, privileges, or immunities secured by the United States Constitution or by federal law." Ahern v. O'Donnell, 109 F.3d 809, 815 (1st Cir. 1997) (citing Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997)).

[4] The complaint specifically alleges that using the police dog in this situation was an "extreme unwarranted use of force," (Compl. 4), and also characterizes it as "the use of excessive force." (Id. at 6.)

2

were being sued for the use of excessive force that occurred during the plaintiff's arrest. See Calvi, 470 F.3d at 430.

When an excessive force claim brought under § 1983 "arises in the context of an arrest . . . it is most properly characterized as one invoking . . . the Fourth Amendment, which guarantees citizens the right" against unreasonable seizures. Graham v. Gibson, 490 U.S. 386, 394 (1989) (holding that "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest . . . of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." (emphasis in original)). The Fourth Amendment's protections are "implicated where an officer exceeds the bounds of reasonable force in effecting an arrest." Raiche v. Pietroski, 623 F.3d 30, 36 (1st Cir. 2010) (citation omitted).

The complaint plainly alleges that the plaintiff was arrested for a small amount of marijuana and that the officers used excessive force when they allowed the police dog to attack him, even though he did not resist arrest and complied with their commands. These allegations are sufficient to state a § 1983 claim against both defendants based on the use of excessive force during the plaintiff's arrest, in violation of his Fourth Amendment rights.

The complaint also contains three claims purportedly arising directly under the United States Constitution.[5] Generally, claims pled directly pursuant to the Constitution entitle the defendants to dismissal. See Schomburg v. Johnson, Civil Action No. 08-11361-GAO, 2009 WL 799466, at *2 (D. Mass. Mar. 25, 2009). However, under the liberal pleading standard afforded to *pro se* plaintiffs, this Court construes these claims as being brought under § 1983 because the

---

[5] The plaintiff alleges that his "Due Process rights under the Fifth Amendment have been violated, and the treatment he was subjected to was in violation of the Eighth Amendment, and finally all of this is applicable to the states via the Fourteenth Amendment." (Compl. 7.)

3

complaint references this section of the code and also alleges violations of specific constitutional rights.[6] Based on these aspects of the complaint, the defendants were on notice that complaint alleges § 1983 claims. See Calvi, 470 F.3d at 430.

The complaint asserts that the defendants' actions violated the plaintiff's Fifth Amendment due process rights. The Fifth Amendment "applies 'only to the actions of the federal government—not to those of state or local governments.'" Martínez-Rivera v. Sánchez Ramos, 498 F.3d 3, 8 (1st Cir. 2007) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001)). In the present case, the plaintiff does not allege that the defendants are federal actors; therefore, any claim based only on the Fifth Amendment is dismissed.

Next, the complaint alleges that the defendants' actions violated the plaintiff's Eighth Amendment right to be free from "cruel and unusual punishment," U.S. Const. amend. VIII, but this protection applies to people convicted of a crime, Martínez-Rivera, 498 F.3d at 9 ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt"). Here, the Eighth Amendment is inapplicable because the alleged constitutional violation occurred during the plaintiff's arrest, and so any claim based only on the Eighth Amendment is dismissed.

Lastly, the complaint asserts that the Fourteenth Amendment makes the Fifth Amendment's Due Process Clause applicable to the states. Actually, the Fourteenth Amendment itself, without incorporation of the Fifth Amendment, provides that no "State [shall] deprive any person of life, liberty, or property without due process of law," U.S. Const. amend. XIV, § 1, and a sensible understanding of this *pro se* pleading is that the plaintiff intends to present an independent Fourteenth Amendment due process claim. However, it appears that this claim is also

---

[6] The complaint states: "this action is brought pursuant to 42 U.S.C. 1983." (Compl. 7.)

based on the alleged use of excessive force by the defendants, and it best is characterized as invoking the protections of the Fourth Amendment, not the Due Process Clause of the Fourteenth. See Graham, 490 U.S. at 395.

In sum, the Defendants' Motion to Dismiss for Failure to State a Claim (dkt. no. 5) is GRANTED with respect to any § 1983 claims based on the Fifth, Eighth, and Fourteenth Amendments, and is DENIED with respect to a § 1983 claim for excessive force in violation of the Fourth Amendment.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge