```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|  |  |  |
|---|---|---|
| ANTHONY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 16-10977-FDS |
| v. | ) | |
| | ) | |
| GEOFFREY LUCAS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO AMEND

**SAYLOR, J.**

Plaintiff has moved to amend the complaint to add the City of Randolph as a defendant pursuant to Fed. Civ. P. Rule 15(a)(2). However, as the Court has previously stated in this proceeding, a municipality may not be held vicariously liable under § 1983 for the acts of its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978). A municipality may be liable only when the execution of its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* In other words, a municipality may only be liable when it can be fairly said that the municipality itself caused the constitutional violation at issue. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff must therefore demonstrate both the existence of a policy or custom and a "direct causal link" between that policy and the alleged constitutional deprivation. *Canton*, 489, U.S. at 385; *see also Monell*, 436 U.S. at 694 (policy must be the "moving force [behind] the constitutional violation"). Here, there are no allegations to support such an inference; indeed, plaintiff has alleged no evidence of other incidents of police misconduct or of flaws in Randolph Police Department policies. He has only attached an excerpt from a Randolph Policy

Department K-9 training manual.  Accordingly, the motion to amend the complaint is DENIED on the basis of futility.

**So Ordered.**

Dated:  July 19, 2018

/s/  F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge